# EXHIBIT A

FILED
8/16/2017 4:41 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

2 CITS PPS - SAC1

CAUSE NO. **2017CI15288**

| | | |
|---|---|---|
| RAFAEL CISNEROS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | **131ST** JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| AND LARRY EVANS | § | BEXAR COUNTY, TEXAS |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff RAFAEL CISNEROS, files this Original Petition against ALLSTATE VEHICLE

AND PROPERTY INSURANCE COMPANY ("ALLSTATE" or the "INSURANCE

DEFENDANT"), and LARRY EVANS ("EVANS" or "ADJUSTER DEFENDANT" or herein

collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### <u>DISCOVERY CONTROL PLAN LEVEL</u>

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules

of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore,

Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control

plan tailored to the particular circumstances of this suit.

### II.
### <u>PARTIES AND SERVICE</u>

Plaintiff resides in Bexar County, Texas.

Defendant ALLSTATE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever else it may be found.

Defendant, Larry Evans, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at, 4325 Pleasent Run Rd, Apt 268, Irving, Texas 75038 or wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and the Plaintiff and property which is the subject of this suit are located in Bexar County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

2

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 902 Sumner Drive, San Antonio, Texas 78218 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, on or about April 12, 2016 under Policy No. 836139756 and Claim No. 0409979944, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. However, DEFENDANST failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages, which is evidenced by the estimate and report completed by Larry Evans and fully adopted by Allstate Vehicle and Property Insurance Company.[1]

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property, which originated in Adjuster Defendant's failure to effectuate a prompt, fair, and equitable resolution of the claim.

---

[1] See *Plaintiff's Exhibit A,* a true and correct copy of Larry Evan's estimate dated April 28, 2016.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, DEFENDANTS misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. For example, Adjuster Defendant arbitrarily labeled known damage from the occurrence as old damage although no scientific testing was completed to reach this conclusion.[2] DEFENDANT'S INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

DEFENDANTs failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the

---

[2] Id.

4

entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

5

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.    UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

6

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

### A.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs.   At all pertinent times, EVANS, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1.   Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2.   Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

8

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to  who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property on or about April 23, 2016. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Evans, ignored covered damages including but not limited to the roof, shed and fence.[3] Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about April 28, 2016, which vastly under-scoped the

---

[3] Id

9

actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.[4]

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s)

---

[4] Id

10

of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

11

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

12

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited

to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS

for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional

limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for

such other and further relief, in law or in equity, either general or special, including the non-

monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which

Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Facsimile:      (210) 490-8372

BY:    */s/ Jake Rogiers*
Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com
Jake Rogiers
State Bar No. 24069066
jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

15



**National Catastrophe Team**

**Allstate**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

| | | | |
|---|---|---|---|
| Insured: | RAFAEL CISNEROS | Home: | (210) 782-6052 |
| Property: | 906 SUMNER DR | E-mail: | MARIACISNEROS73@YAHOO.COM.MX |
| | SAN ANTONIO, TX 78218-4242 | | |
| Home: | 906 SUMNER DR | | |
| | SAN ANTONIO, TX 78218-4242 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Larry Evans | Business: | (800) 547-8676 |
| Estimator: | Larry Evans | Business: | (800) 547-8676 |

**Claim Number:** 0409979944    **Policy Number:** 000836139756    **Type of Loss:** Hail

| | | | |
|---|---|---|---|
| Date Contacted: | 4/21/2016 | | |
| Date of Loss: | 4/12/2016 9:20 PM | Date Received: | 4/18/2016 11:37 AM |
| Date Inspected: | 4/23/2016 | Date Entered: | 4/19/2016 7:46 PM |
| Date Est. Completed: | 4/28/2016 7:22 PM | | |

| | |
|---|---|
| Price List: | TXSA8X_APR16 |
| | Restoration/Service/Remodel |
| Estimate: | RAFAEL_CISNEROS |

Allstate is dedicated to providing you with outstanding service throughout the claim-handling process. If you have any questions regarding this estimate, or if there are differences with the estimate provided by your repair person of choice, or if additional damage is found during the repair process, please contact us at (800) 547-8676.
Thank you,
Larry Evans

*EXHIBIT A*



**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

RAFAEL_CISNEROS

Source - Eagle View

Source - Eagle View



### MaIN ROOF

2443.13  Surface Area
267.03  Total Perimeter Length

24.43  Number of Squares
73.74  Total Ridge Length

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 1. Remove 3 tab - 20 yr. - composition shingle roofing - incl. felt | 21.03 SQ | 36.56 | 768.86 | 2/20 yrs | Avg. | NA | (0.00) | 768.86 |
| 2. 3 tab - 20 yr. - composition shingle roofing - incl. felt | 22.33 SQ | 153.61 | 3,430.11 | 2/20 yrs | Avg. | 10% | (343.01) | 3,087.10 |
| 3. R&R Drip edge | 311.00 LF | 1.79 | 556.69 | 2/35 yrs | Avg. | 5.71% | (28.43) | 528.26 |
| 4. R&R Continuous ridge vent - shingle-over style | 73.74 LF | 6.83 | 503.64 | 2/35 yrs | Avg. | 5.71% | (26.67) | 476.97 |
| 5. Ridge cap - composition shingles | 73.74 LF | 3.18 | 234.49 | 2/25 yrs | Avg. | 8% | (18.76) | 215.73 |
| 6. R&R Flashing - pipe jack | 5.00 EA | 32.22 | 161.10 | 2/35 yrs | Avg. | 5.71% | (8.02) | 153.08 |
| 7. Digital satellite system - Detach & reset | 1.00 EA | 25.13 | 25.13 | 2/NA | Avg. | 0% | (0.00) | 25.13 |
| 8. Digital satellite system - alignment and calibration only | 1.00 EA | 75.40 | 75.40 | 2/NA | Avg. | 0% | (0.00) | 75.40 |
| 9. R&R Furnace vent - rain cap and storm collar, 5" | 2.00 EA | 59.73 | 119.46 | 2/25 yrs | Avg. | 8% | (8.54) | 110.92 |
| 10. R&R Metal roofing - Standard grade | 340.00 SF | 3.87 | 1,315.80 | 2/75 yrs | Avg. | 2.67% | (32.37) | 1,283.43 |

**Totals: MaIN ROOF**          7,190.68                   465.80   6,724.88

### GuTTERS

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 11. R&R Gutter / down148spout - aluminum - up to 5"* | 160.00 LF | 5.15 | 824.00 | 4/25 yrs | Avg. | 16% | (124.16) | 699.84 |

**Totals: GuTTERS**          824.00                   124.16   699.84

### Window PANE

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 12. Reglaze double-pane thermal window unit, 1 - 9 sf | 1.00 EA | 127.41 | 127.41 | 6/18 yrs | Avg. | 33.33% | (42.47) | 84.94 |

RAFAEL_CISNEROS

4/28/2016          Page: 2



**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (877) 292-9527

### CONTINUED - Window PANE

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| **Totals:  Window PANE** | | | 127.41 | | | | 42.47 | 84.94 |

#### Screen

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 13. R&R Window screen, 1 - 9 SF | 2.00 EA | 35.46 | 70.92 | 0/30 yrs | Avg. | 0% | (0.00) | 70.92 |
| **Totals:  Screen** | | | 70.92 | | | | 0.00 | 70.92 |



#### SHED ROOF

144.50  Surface Area
50.06  Total Perimeter Length

1.44  Number of Squares
16.00  Total Ridge Length

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 14. R&R Metal roofing - Standard grade | 144.50 SF | 3.87 | 559.22 | 6/75 yrs | Avg. | 8% | <41.27> | 517.95 |
| **Totals:  SHED ROOF** | | | 559.22 | | | | 41.27 | 517.95 |
| **Total: Source - Eagle View** | | | 8,772.23 | | | | 673.70 | 8,098.53 |
| **Total: Source - Eagle View** | | | 8,772.23 | | | | 673.70 | 8,098.53 |

#### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 15. Heat, vent, & air cond. labor minimum* | 1.00 EA | 143.31 | 143.31 | 0/NA | Avg. | 0% | (0.00) | 143.31 |
| 16. Window labor minimum* | 1.00 EA | 100.70 | 100.70 | 0/NA | Avg. | 0% | (0.00) | 100.70 |
| **Totals: Labor Minimums Applied** | | | 244.01 | | | | 0.00 | 244.01 |



**National Catastrophe Team**

**Allstate.**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

| Line Item Totals: RAFAEL_CISNEROS | 9,016.24 | 673.70 | 8,342.54 |
|---|---|---|---|

[%] - Indicates that depreciate by percent was used for this item
[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | SF Walls | 0.00 | SF Ceiling | 0.00 | SF Walls and Ceiling |
| 0.00 | SF Floor | 0.00 | SY Flooring | 0.00 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 0.00 | LF Ceil. Perimeter |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 846.38 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| 2,587.63 | Surface Area | 25.88 | Number of Squares | 634.19 | Total Perimeter Length |
| 89.74 | Total Ridge Length | 0.00 | Total Hip Length | | |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| AA-Dwelling | 8,457.02 | 93.80% | 8,044.97 | 93.83% |
| A9-Dwelling - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| BB-Other Structures | 559.22 | 6.20% | 528.59 | 6.17% |
| B9-Other Structures - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| CC-Unscheduled Personal Property | 0.00 | 0.00% | 0.00 | 0.00% |
| C9-Unscheduled Personal Property - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| DD-Additional Living Expense | 0.00 | 0.00% | 0.00 | 0.00% |
| D9-Additional Living Expense - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| DB-Debris Removal | 0.00 | 0.00% | 0.00 | 0.00% |
| FF-Fire Department Service Charge | 0.00 | 0.00% | 0.00 | 0.00% |
| ML-Motorized Land Vehicle | 0.00 | 0.00% | 0.00 | 0.00% |
| RS-Roof Surfaces Extended Coverage | 0.00 | 0.00% | 0.00 | 0.00% |
| VP-Motorized Land Vehicle Parts, Equipment or Accessories | 0.00 | 0.00% | 0.00 | 0.00% |
| XX-Liability | 0.00 | 0.00% | 0.00 | 0.00% |
| X9-Liability - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| YY-Guest Medical | 0.00 | 0.00% | 0.00 | 0.00% |
| Y9-Guest Medical - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| Total | 9,016.24 | 100.00% | 8,573.56 | 100.00% |



**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (877) 292-9527

## Summary for
## AA-Dwelling
### Summary for All Items

| | |
|---|---:|
| Line Item Total | 8,457.02 |
| Material Sales Tax | 243.81 |
| **Replacement Cost Value** | **$8,700.83** |
| Less Depreciation | (655.86) |
| **Actual Cash Value** | **$8,044.97** |
| Less Deductible | (2,384.00) |
| **Net Claim** | **$5,660.97** |
| Total Recoverable Depreciation | 655.86 |
| **Net Claim if Depreciation is Recovered** | **$6,316.83** |

Larry Evans

RAFAEL_CISNEROS                                          4/28/2016          Page: 5



**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

**Summary for**
**BB-Other Structures**
**Summary for All Items**

| | |
|---|---:|
| Line Item Total | 559.22 |
| Material Sales Tax | 11.56 |
| **Replacement Cost Value** | **$570.78** |
| Less Non-recoverable Depreciation | <42.19> |
| **Actual Cash Value** | **$528.59** |
| **Net Claim** | **$528.59** |

Larry Evans



## National Catastrophe Team

**Allstate.**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

### Recap of Taxes

|  | Material Sales Tax (8.25%) | Cleaning Mtl Tax (8.25%) | Cleaning Sales Tax (8.25%) | Manuf. Home Tax (5%) | Storage Rental Tax (8.25%) |
|---|---|---|---|---|---|
| **Line Items** | 255.37 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total** | 255.37 | 0.00 | 0.00 | 0.00 | 0.00 |

RAFAEL_CISNEROS                                    4/28/2016          Page: 7



**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (877) 292-9527

## Recap by Room

**Estimate: RAFAEL_CISNEROS**

**Area: Source - Eagle View**

| Area: Source - Eagle View | | | |
|---|---|---|---|
| MaIN ROOF | | 7,190.68 | 79.75% |
| Coverage: AA-Dwelling | 100.00% = | 7,190.68 | |
| GuTTERS | | 824.00 | 9.14% |
| Coverage: AA-Dwelling | 100.00% = | 824.00 | |
| Window PANE | | 127.41 | 1.41% |
| Coverage: AA-Dwelling | 100.00% = | 127.41 | |
| Screen | | 70.92 | 0.79% |
| Coverage: AA-Dwelling | 100.00% = | 70.92 | |
| SHED ROOF | | 559.22 | 6.20% |
| Coverage: BB-Other Structures | 100.00% = | 559.22 | |
| | | | |
| Area Subtotal:  Source - Eagle View | | 8,772.23 | 97.29% |
| Coverage: AA-Dwelling | 93.63% = | 8,213.01 | |
| Coverage: BB-Other Structures | 6.37% = | 559.22 | |
| | | | |
| Area Subtotal:  Source - Eagle View | | 8,772.23 | 97.29% |
| Coverage: AA-Dwelling | 93.63% = | 8,213.01 | |
| Coverage: BB-Other Structures | 6.37% = | 559.22 | |
| Labor Minimums Applied | | 244.01 | 2.71% |
| Coverage: AA-Dwelling | 100.00% = | 244.01 | |
| | | | |
| Subtotal of Areas | | 9,016.24 | 100.00% |
| Coverage: AA-Dwelling | 93.80% = | 8,457.02 | |
| Coverage: BB-Other Structures | 6.20% = | 559.22 | |
| | | | |
| Total | | 9,016.24 | 100.00% |



**National Catastrophe** Team

**Allstate.**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (877) 292-9527

## Recap by Category with Depreciation

| Items | | | RCV | Deprec. | ACV |
|---|---|---|---|---|---|
| **GENERAL DEMOLITION** | | | 1,096.13 | | 1,096.13 |
| Coverage: AA-Dwelling | @ | 96.05% = | 1,052.78 | | |
| Coverage: BB-Other Structures | @ | 3.95% = | 43.35 | | |
| **ELECTRICAL - SPECIAL SYSTEMS** | | | 100.53 | | 100.53 |
| Coverage: AA-Dwelling | @ | 100.00% = | 100.53 | | |
| **HEAT,  VENT & AIR CONDITIONING** | | | 250.07 | 8.54 | 241.53 |
| Coverage: AA-Dwelling | @ | 100.00% = | 250.07 | | |
| **ROOFING** | | | 6,498.94 | 498.53 | 6,000.41 |
| Coverage: AA-Dwelling | @ | 92.06% = | 5,983.07 | | |
| Coverage: BB-Other Structures | @ | 7.94% = | 515.87 | | |
| **SOFFIT, FASCIA, & GUTTER** | | | 776.00 | 124.16 | 651.84 |
| Coverage: AA-Dwelling | @ | 100.00% = | 776.00 | | |
| **WINDOW REGLAZING & REPAIR** | | | 193.87 | 42.47 | 151.40 |
| Coverage: AA-Dwelling | @ | 100.00% = | 193.87 | | |
| **WINDOWS - WOOD** | | | 100.70 | | 100.70 |
| Coverage: AA-Dwelling | @ | 100.00% = | 100.70 | | |
| **Subtotal** | | | 9,016.24 | 673.70 | 8,342.54 |
| **Material Sales Tax** | | | 255.37 | 24.35 | 231.02 |
| Coverage: AA-Dwelling | @ | 95.47% = | 243.81 | | |
| Coverage: BB-Other Structures | @ | 4.53% = | 11.56 | | |
| **Total** | | | 9,271.61 | 698.05 | 8,573.56 |

Depending upon the circumstances of your loss, our estimate may or may not include an amount for general contractor's overhead and profit.  If you have questions regarding general contractor's overhead and profit and whether the services of a general contractor are appropriate for your loss, please contact your claim representative before proceeding with repairs.

Specialized skill, licensing or certification may be needed of any contractor(s) that you retain, for instance, to identify the presence and nature of any potential contaminants, toxins, pollutants, or other hazards that may be encountered during the course of the work, or to utilize appropriate work practices and procedures during the course of the work. Check with your local or State public health or environmental agency regarding potential hazards, including contractor qualifications and other requirements. For your safety, it is prudent to avoid areas where damaged structures, materials or unknown substances may be present, and to not disturb such structures, material, or unknown substances until your contractors have inspected the work site.
The suggestions above are provided only for your consideration. They in no way supplement, alter or modify your existing coverage.  Your insurance policy is the legal contract that contains the terms and limitations of your coverage.
If you have any concerns about the grade of flooring on your estimate, you may take advantage of a free service that will provide you with a more specific analysis. To use this option, please keep a 12" x 12" sample of your damaged flooring, and notify your Allstate adjuster that you would like the additional analysis.

RAFAEL_CISNEROS                                              4/28/2016          Page: 9





Source - Eagle View



4/28/2016

Page: 10

RAFAEL_CISNEROS

68880

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| BEXAR HAIL | § | |
| | § | BEXAR COUNTY, TEXAS |
| RESIDENTIAL | § | |
| | § | |
| CLAIM LITIGATION | § | CIVIL JUDICIAL DISTRICT COURTS |

## STANDING PRETRIAL ORDER CONCERNING
## BEXAR COUNTY RESIDENTIAL HAIL CLAIMS

This order applies to pretrial matters in residential property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the residential insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 100 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 60 days of the filing of an answer by the residential insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the residence, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the residential insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the



68880

insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 60 day time period. The insurance carrier is also ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same residential insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the residential insurance carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the residential insurance carrier and other defendants may re-inspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

Michael Mery, Judge
37ᵗʰ District Court

Stephani Walsh, Judge
45ᵗʰ District Court

Antonia Arteaga, Judge
57ᵗʰ District Court

David A. Canales, Judge
73ʳᵈ District Court

2

68880

68880

John D. Gabriel, Jr., Judge
131ˢᵗ District Court

Renée Yanta, Judge
150ᵗʰ District Court

Laura Salinas, Judge
166ᵗʰ District Court

Cathleen Stryker, Judge
224ᵗʰ District Court

Peter Sakai, Judge
225ᵗʰ District Court

Richard Price, Judge
285ᵗʰ District Court

Sol Casseb III, Judge
288ᵗʰ District Court

Karen H. Pozza, Judge
407ᵗʰ District Court

Larry Noll, Judge
408ᵗʰ District Court

Gloria Saldaña, Judge
438ᵗʰ District Court

3

68880

# 68880

### AGREED MEDIATION ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Residential Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

1. An attorney of record for each party, unless the party is self-represented.

2. All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

3. A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.

_____

Judge Presiding

# 68880

4

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ COURT *(FOR CLERK USE ONLY)*: _____

STYLED Rafael Cisneros v. Allstate Vehicle and Property Insurance Company and Larry Evans

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)
A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Robert A. Pollom | Email:<br><br>Stefanie@krwlawyers.com | Plaintiff(s)/Petitioner(s):<br><br>Rafael Cisneros | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br><br>16500 San Pedro, Suite 302 | Telephone:<br><br>(210) 490-7402 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>San Antonio, TX 78232 | Fax:<br><br>(210) 490-8372 | Defendant(s)/Respondent(s):<br><br>Allstate Vehicle and Property<br><br>Insurance Company and Larry | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br><br> | State Bar No:<br><br>24041703 | Evans<br><br>[Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

|  | Civil | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | | **Post-judgment Actions (non-Title IV-D)** |
| **Debt/Contract**<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>**Foreclosure**<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br> Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br> List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br> Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br> Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign<br> Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br> of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br> Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br> Rights<br>☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br> Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | | |
| **Tax** | | | *Probate & Mental Health* | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | | |
|---|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | | ☐ Receiver |
| ☐ Bill of Review | ☐ License | | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | | ☐ Turnover |

### 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

FILED
10/12/2017 9:48 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Belinda Sanchez

JD

## NO.  2017CI15288

| | | |
|---|---|---|
| **RAFAEL CISNEROS** | ' | **IN THE DISTRICT COURT OF** |
| **VS.** | ' | **BEXAR COUNTY, TEXAS** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND LARRY EVANS** | ' | **131ST JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Vehicle and Property Insurance Company, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

### III.

1

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because conditions precedent to Plaintiff's recovery have not occurred.   For example, and without limitation, Plaintiff failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by ' 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

### IV.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of Plaintiff's claims are excluded by the applicable insurance policy.

### V.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiff's pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiff or others.   Accordingly, Plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.

### VI.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to cooperate in the handling of his claim, as required by the policy.

### VII.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because such an award would violate Defendant's due process, equal protection, and other rights under the United States Constitution

2

and the Constitution of the State of Texas.

## VIII.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of ' 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

### NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

COMES NOW, Allstate Vehicle and Property Insurance Company, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the amount of $40.00 as jury fee.

3

## REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 190 and 194 Defendant requests Plaintiff disclosure, within thirty (30) days from the date this request is served, the information or materials described in Rule 190.2(b)(6) and 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Vehicle and Property Insurance Company, prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

*/s/ John M. Causey*
John M. Causey
State Bar No. 04019100
P. O. Box 3188
Conroe, Texas   77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

### ATTORNEYS FOR DEFENDANT

Please be advised that the *only* valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

4

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer and Request for Disclosure has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer and Request for Disclosure has been delivered to all interested parties on October 12, 2017 correctly addressed to:

Jake S. Rogiers
Ketterman Rowland & Westlund
16500 San Pedro, Ste. 302
San Antonio, TX 78232
jake@krwlawyers.com
**Attorneys for Plaintiff, Rafael Cisneros**
*Via electronic service*

/s/ *John M. Causey*
John M. Causey

5

PRIVATE PROCESS

2017CI15288 S00001

Case Number: 2017-CI-15288

RAFAEL CISNEROS
VS.
ALLSTATE VEHICLE AND PROPERTY INSURANCE
(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
131st JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

CRT
PROCESS DEPT

"THE STATE OF TEXAS"

Directed To: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION was filed on the 16th day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 21ST DAY OF AUGUST A.D., 2017.

JACOB ROGIERS
ATTORNEY FOR PLAINTIFF
16500 SAN PEDRO 302
SAN ANTONIO, TX 78232-1368



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Christopher Morrow*, Deputy

---

| RAFAEL CISNEROS | Officer's Return | Case Number: 2017-CI-15288 |
| VS | | Court: 131st Judicial District Court |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE | | |

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION on the date of delivery endorsed on it to_____ in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS



2017CI15288   S80091

Case Number: 2017-CI-15288

**RAFAEL CISNEROS**

**VS.**

**ALLSTATE VEHICLE AND PROPERTY INSURANCE**

(Note:Attached Document May Contain Additional Litigants.)



IN THE DISTRICT COURT
131st JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION was filed on the 16th day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 21ST DAY OF AUGUST A.D., 2017.

JACOB ROGIERS
ATTORNEY FOR PLAINTIFF
16500 SAN PEDRO 302
SAN ANTONIO, TX 78232-1368

Donna Kay M<sup>c</sup>Kinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Christopher Morrow*, Deputy

| RAFAEL CISNEROS VS ALLSTATE VEHICLE AND PROPERTY INSURANCE | **Officer's Return** | Case Number: 2017-CI-15288 Court: 131st Judicial District Court |
|---|---|---|

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

RETURN TO COURT (DK002)

**DOCUMENT SCANNED AS FILED**

7180
crn

State of Texas                   County of Bexar                131st District Court

## OFFICER'S RETURN

Case 2017-CI-15288

Came to hand on the 16th day of August, 2017, at 02:38 o'clock P.M.

Executed a **1999 Bryan Street, Ste. 900, Dallas, Texas 75201**, within the County of **Dallas** at _____ o'clock __ .M. on the 22nd day of September, 2017, by delivering to the within named **Allstate Vehicle and Property Insurance Company by Serving its Registered Agent, CT Corporation System by Certified Mail, Return Receipt #70141820000228277180, USPS Tracking Green Card Attached,** each, in person, a true copy of this **Citation, Plaintiff, Rafael Cisneros Original Petition, Request for Disclosures, and First Set of Request for Production to Defendant, Allstate Vehicle and Property Insurance Company by Serving its Registered Agent, CT Corporation System,** together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was ___ miles  and my fees are as follows:

**I certify that I am over the age of 18, have no interest in the above action, and a Certified Process Server, in good standing, in the judicial circuit in which the process was served.**

Subscribed and Sworn to before me on the 26th day of Sept , 2017 by the affiant who is personally known to me.

**NOTARY PUBLIC**

GRACE DUCATE
NOTARY PUBLIC
ID# 6125034
State of Texas
Comm. Exp. 07-12-2020

Raul M. Davila
SCH #11624 EXP 8/31/2018
**Davila Civil Process**
**P.O. Box 1733**
**Helotes, TX 78023**
**OFFICE # 210-275-4485**

P.O. Box 1733 Helotes, Texas 78023     210-275-4485     serves_u_right78@hotmail.com

DOCUMENT SCANNED AS FILED



| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery<br>Chris Wells   SEP 2 2 2017 |
| 1. Article Addressed to:<br>CT Corporation System<br>1999 Bryan St., Ste. 900<br>Dallas, TX 75201 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 1676 6053 1495 45 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7014 1820 0002 2827 7180 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

7014 1820 0002 2827 7180

Postage $3.15

Certified Fee

Return Receipt Fee (Endorsement Required) $0.00

Restricted Delivery Fee (Endorsement Required)

Total Postage & Fees $7.92

Sent To CT Corporation
Street & Apt. No., or PO Box No. 1999 Bryan St. Ste. 900
City, State, ZIP+4 Dallas, TX 75201

PS Form 3800, July 2014   See Reverse for Instructions

PRIVATE PROCESS

2017CI15288 S00002

Case Number: 2017-CI-15288

**RAFAEL CISNEROS**
**VS.**
**ALLSTATE VEHICLE AND PROPERTY INSURANCE**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
131st JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: LARRY EVANS

**ORT**
**PROCESS DEPT**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION was filed on the 16th day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 21ST DAY OF AUGUST A.D., 2017.

JACOB ROGIERS
ATTORNEY FOR PLAINTIFF
16500 SAN PEDRO 302
SAN ANTONIO, TX 78232-1368



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Christopher Morrow*, Deputy

---

**RAFAEL CISNEROS**
**VS**
**ALLSTATE VEHICLE AND PROPERTY INSURANCE**

**Officer's Return**

Case Number: 2017-CI-15288
Court: 131st Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION   on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or  (  )  not  executed  because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is
_____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**